UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:25-cv-01705-JSM-SPF

PJ1315 LLC,

      Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

      Defendant.

_____/

## **ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Westchester Surplus Lines Insurance Company ("Westchester"), hereby files its Answer and Affirmative Defenses to the Complaint [ECF No. 1-6] filed by Plaintiff, PJ1315 LLC, and answers:

## **GENERAL ALLEGATIONS**

1.     Admitted for jurisdictional purposes only. Denied that the Plaintiff is entitled to relief in this action.

2.     Admitted.

3.      Admitted that Westchester is an insurance company licensed to insure commercial properties located in Polk County, Florida. Any remaining allegations in Paragraph 3 are denied.

4.      Admitted that venue is proper in this Court.

5.      Admitted that Westchester issued a commercial property insurance policy to the Plaintiff bearing policy number FSF15249614 003, with policy period from November 5, 2021 to November 5, 2022 ("Policy"). Admitted that the Policy provides certain insurance coverage for a building located at 601 E Main St., Haines City, FL 33844 ("Property").

6.      Admitted that Westchester Surplus Lines Insurance Company issued the Policy. It is not clear what else is being alleged in Paragraph 6, and therefore the remaining allegations are denied.

7.      Denied that Paragraph 7 accurately states the terms of any part of the Policy. The Policy, as a written document, speaks for itself.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted in part, denied in part. Admitted that some damage to the Property is covered under the Policy. Denied that all damage claimed by the Plaintiff is covered under the Policy.

12.     Without knowledge as to what Paragraph 12 is referring to, and therefore denied.

13.     Admitted that a copy of a partial declination letter sent by Westchester is attached to the Complaint as Exhibit A. The letter, as a written document, speaks for itself.

14.     Without knowledge, and therefore denied.

15.     Denied. Westchester specifically denied that it failed to fulfill any obligation under the Policy and denies that the covered portions of the claim exceed the applicable deductible.

16.     Denied.

17.     Admitted.

18.     Without knowledge, and therefore denied.

## COUNT I – BREACH OF CONTRACT

Westchester incorporates its answers to Paragraphs 1 through 18 as though fully set forth herein.

19.     Admitted.

20.     Admitted that Hurricane Ian caused some minor damage to the roof of the Property, and to the store, a bathroom, entry, stairwell, and a storage area.

21.     Admitted that some damage to the Property is covered under the Policy. Denied that all damage to the Property is covered under the Policy.

22.   Admitted.

23.   Admitted that Westchester has not issued payment. Denied that the covered portions of the claim exceed the applicable deductible.

24.   Denied.

25.   Denied.

26.   Denied.

27.   Denied.

28.   Denied that the Plaintiff is entitled to any of the relief sought in the "WHEREFORE" clause following Paragraph 27.

29.   All allegations not expressly admitted are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Coverage under the Policy is barred, in whole or in part, by the following exclusion:

**B. Exclusions**

   **1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

   **a. Ordinance Or Law**

   The enforcement of or compliance with any ordinance or law:

   **(1)** Regulating the construction, use or repair of any property; or

**(2)** Requiring the tearing down of any property, including the cost of removing its debris.

This exclusion, Ordinance Or Law, applies whether the loss results from:

**(a)** An ordinance or law that is enforced even if the property has not been damaged; or

**(b)** The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.

## Second Affirmative Defense

Coverage under the Policy is barred, in whole or in part, by the following exclusion:

This policy excludes any loss or damage directly or indirectly caused by, resulting from or contributed to by any pre-existing property damage at the time of loss.

## Third Affirmative Defense

Coverage under the Policy is barred, in whole or in part, by the following exclusion:

**B. Exclusions**

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

**d. (1)** Wear and tear;

**(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

**(4)** Settling, cracking, shrinking or expansion ….

## Fourth Affirmative Defense

Coverage under the Policy is barred, in whole or in part, by the following

exclusion:

### B. Exclusions

2. We will not pay for loss or damage caused by or resulting from any of the following:

   f. Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

## Fifth Affirmative Defense

Coverage under the Policy is barred, in whole or in part, by the following

policy provision:

### 3. Replacement Cost

d. We will not pay on a replacement cost basis for any loss or damage:

   (1) Until the lost or damaged property is actually repaired or replaced; and

   (2) Unless the repair or replacement is made as soon as reasonably possible after the loss or damage.

   With respect to tenants' improvements and betterments, the following also apply:

   (3) If the conditions in **d.(1)** and **d.(2)** above are not met, the value of tenants' improvements and betterments will be

determined as a proportion of your original cost, as set forth in the Valuation Loss Condition of this Coverage Form; and

**(4)** We will not pay for loss or damage to tenants' improvements and betterments if others pay for repairs or replacement.

**e.** We will not pay more for loss or damage on a replacement cost basis than the least of **(1), (2)** or **(3),** subject to **f.** below:

**(1)** The Limit of Insurance applicable to the lost or damaged property;

**(2)** The cost to replace the lost or damaged property with other property:

**(a)** Of comparable material and quality; and

**(b)** Used for the same purpose; or

**(3)** The amount actually spent that is necessary to repair or replace the lost or damaged property.

## Sixth Affirmative Defense

Coverage under the Policy is barred, in whole or in part, by the following exclusion:

**B. Exclusions**

**3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

**c.** Faulty, inadequate or defective:

**(1)** Planning, zoning, development, surveying, siting;

**(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

**(3)** Materials used in repair, construction, renovation or remodeling; or

**(4)** Maintenance;

of part or all of any property on or off the described premises.

## Seventh Affirmative Defense

Coverage under the Policy is barred, in whole or in part, by the following limitation:

### C. Limitations

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

**1.** We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

**c.** The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

**(1)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters ….

## Eighth Affirmative Defense

Coverage under the Policy is barred, in whole or in part, by the following policy provision:

**F. Additional Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

**1.** Coinsurance

If a Coinsurance percentage is shown in the Declarations, the following condition applies:

**a.** We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the limit of Insurance for the property.

Instead, we will determine the most we will pay using the following steps:

(1) Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;

(2) Divide the Limit of Insurance of the property by the figure determined in Step (1);

(3) Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step (2); and

(4) Subtract the deductible from the figure determined in Step (3). We will pay the amount determined in Step (4) or the Limit of Insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

## Ninth Affirmative Defense

Coverage under the Policy is barred, in whole or in part, by the following policy provision:

We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

### **Tenth Affirmative Defense**

Coverage under the Policy is barred, in whole or in part, by the following policy provision:

Replacement Cost coverage (if otherwise applicable to such property) does not apply to roof surfacing. Instead, we will determine the value of roof surfacing at actual cash value as of the time of loss or damage.

Discovery is ongoing, so Westchester reserves the right to assert additional affirmative defenses.

WHEREFORE, Defendant, Westchester Surplus Lines Insurance Company, requests that judgment be entered in its favor and against Plaintiff, PJ1315 LLC, and that the Complaint be dismissed with prejudice, together with such other and further relief as this Court deems equitable, just, and proper.

Respectfully submitted,

**KENNEDYS CMK LLP**

By: /s/ Chad A. Pasternack
Chad A. Pasternack
Fla. Bar No. 117885
chad.pasternack@kennedyslaw.com
100 SE 3rd Ave., Suite 806
Fort Lauderdale, FL 33394
Telephone: (754) 547-9131
*Counsel for Defendant, Westchester Surplus Lines Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 25, 2025, the foregoing was filed and served on all counsel of record via CM/ECF.

By: /s/ Chad A. Pasternack
Chad A. Pasternack