UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PJ1315 LLC,

    Plaintiff,

  v.                                     CASE NO. 8:25-cv-1705-JSM-SPF

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.

_____/

## ORDER

Plaintiff PJ1315 LLC, a Polk County-based company, sues Defendant Westchester Surplus Lines Insurance Company for breaching the parties' property insurance contract by denying coverage for property loss and damage that Plaintiff's commercial building allegedly sustained during Hurricane Ian (Doc. 1-1).  Defendant removed the case to federal court in July 2025 (*see* Doc. 1).  Pending is Defendant's Motion to Compel Better Discovery Responses (Doc. 20).  Plaintiff has not responded to the motion, and the time to do so has expired.  *See* L.R. 3.01(c), M.D. Fla. (party opposing motion must file response in opposition within 14 days after service).  Defendant's motion is deemed unopposed.  *Id.* ("If a party fails to timely respond, the motion is subject to treatment as unopposed."); *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (stating that a party's failure to respond to a motion indicates the motion is unopposed).

Defendant asks the Court to compel Plaintiff to produce better responses to Defendant's document production requests and to perform a more thorough document search (Doc. 20 at 10).  As background, Defendant served interrogatories and document requests on

Plaintiff, and Plaintiff served timely responses (Docs. 20-1, -2).  Defendant considered these responses deficient, however, and conferred with Plaintiff over email and phone throughout January 2026 (Doc. 20-4).  Plaintiff agreed to amend its discovery responses by February 13, 2026, but did not do so (Doc. 20 at 4).  Defendant's motion followed.

After reviewing Defendant's discovery requests, Plaintiff's discovery responses and privilege log, and the parties' email exchanges, it is clear that Plaintiff has not complied with its discovery obligations and produced all responsive documents.  For example, in response to interrogatories 6 and 9 and document requests 4 and 10, Plaintiff identified repair work completed by Hand Power Construction Inc., Façade Pro LLC, Orlando Stucco Repair LLC, and Xtreme Plastering LLC and stated that it relied on invoices from these companies in responding to discovery (*see* Docs. 20-1, -2).  But Plaintiff's document production did not include documents from these companies (Doc. 20 at 7).  Additionally, in response to Defendant's request for photographs of the property damage, Plaintiff objected, asserting the attorney-client privilege and work product doctrine (*Id*. at 5).  But Plaintiff's privilege log does not list photographs (Doc. 20-3).

Plaintiff also asserts improper boilerplate objections.  For example, Defendant's document request 5 asks for "[a]ll communications, correspondence, notes, emails, reports, estimates, proposals, appraisals, contracts, agreements, invoices, receipts, and any other Documents Related To any alleged damage to the Property at issue in this lawsuit." (Docs. 20 at 6, 20-2 at 3).  Plaintiff objected to the request as "overly broad and unduly burdensome to the extent it seeks 'all' documents relating to 'any alleged damage,' whether or not connected to the Loss.  Plaintiff has withheld documents, if any, that are not related to the Loss at issue." (Doc. 20-2 at 3).  Plaintiff goes on to state that it will produce documents

2

"[s]ubject to this objection," that "concern[ ] the damage sustained in the Loss[.]" (*Id*.)  But it didn't (Doc. 20 at 7).

The Middle District of Florida's discovery handbook states that "[b]oilerplate objections such as 'the request is overly broad, unduly burdensome, and outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case."  Middle District Discovery (2021) at Section III(A)(6).  That aside, objecting to a portion of a document request "do[es] not excuse the responding party from producing those documents to which there is no objection." (*Id*.).  As narrowed by Plaintiff, document request 5 seeks documents in Plaintiff's possession, custody, or control related to the property damage at issue in its complaint.  These documents are discoverable under Rule 26(b)(1).  Yet according to Defendant, as of the filing of the motion to compel, Plaintiff had produced no documents responsive to request 5 (Doc. 20 at 7).[1]

Plaintiff asserts the attorney-client privilege and work product doctrine in withholding discoverable information responsive to some requests (*Id*. at 5-6).  As to others, it states that it will produce all non-privileged responsive documents (*Id*. at 6-8).  But Plaintiff's bare bones privilege log is so general as to be meaningless.  Here it is:

| Date | To | From | Description | Privilege |
|------|----|----|-------------|-----------|
| Various | Plaintiffs' Counsel | Plaintiffs | Attorney-client communications regarding claim and litigation | Attorney-Client Privilege |

---

[1] Plaintiff produced invoices and receipts from Juan Cervantes, a contractor who performed ceiling tile and baseboard work for Plaintiff (Doc. 20-6).  Although faded and hard to read, it appears the invoices and receipts were emailed to Peter Persaud, Plaintiff's managing member, at lukypetr@hotmail.com (*see* Docs. 20 at 9, 20-5, -6).  Yet Plaintiff did not produce these emails with Mr. Persaud in discovery, just the underlying documents.

| Various | Plaintiffs | Plaintiffs' Counsel | Attorney-client communications regarding claim and litigation | Attorney-Client Privilege |
|---|---|---|---|---|

(Doc. 20-3). Counter to Rule 26 and this district's discovery handbook, this log does not "describe the nature of the documents, communications, or things not produced or disclosed, such that" Defendant can assess the applicability of the privilege or protection. Middle District Discovery (2021) at Section VI(A)(1); *see* Fed. R. Civ. P. 26(b)(5)(A).

The Court ORDERS:

(1) Defendant's Motion to Compel Better Discovery Responses (Doc. 20) is **GRANTED**. Plaintiff is directed to serve amended discovery responses, including an amended privilege log, if applicable, within 14 days of this Order.

**ORDERED** in Tampa, Florida, on April 1, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

4